## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

GLADYS PU BARRERA,                    )
                                      )
            Petitioner,               )
                                      )
v.                                    )        Case No. CIV-26-999-J
                                      )
NORMAN PARISH, et al.,                )
                                      )
            Respondents.              )

## REPORT AND RECOMMENDATION

Petitioner Gladys Pu Barrera, a noncitizen[1] and Guatemalan national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 9, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release her if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    <u>Background</u>

Petitioner, a citizen of Guatemala, entered the United States on November 26, 2023, near Eagle Pass, Texas without admission or inspection.  Pet. at 2; Doc. 1-1 at 2 (Notice to Appear).  On November 30, 2023, ICE encountered Petitioner and placed her into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 13-14; Doc. 1-1 at 1, 6 (Warrant for Arrest).  Also on November 30, 2023, Petitioner was released on her own recognizance.  Doc. 1-1 at 5, 7 (Order of Release on Recognizance).  On November 26, 2024, Petitioner filed an Application for Asylum and for Withholding of Removal.  Pet. at 13; Resp. at 4; Doc. 13-2 (Asylum Application).

On January 29, 2026, ICE re-detained Petitioner at her routine check-in appointment.  Pet. at 3.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 1.  Petitioner did not claim she requested a bond hearing.  *See* Resp. at 5 (alleging Petitioner did not request a custody redetermination hearing).  Such a request, though, would likely be futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma.  *Id*. at 5.  She remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 26, 2026).

2

## II.    Petitioner's Claims

Petitioner asserts three counts in her Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**    Petitioner alleges her continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to those noncitizens, like her, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings.  Pet. at 14-18.

- **Count II: Violation of Procedural Due Process**.  Petitioner alleges her continued detention without any ability to show she is not a flight risk or danger to the community violates her right to procedural due process under the balancing test in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  Pet. at 18-20.

- **Count II: Violation of Substantive Due Process**.  Petitioner alleges her continued detention based on the government's changed interpretation of the law violates her right to substantive due process. *Id*. at 20-21.

She asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner immediately or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days."  Pet. at 22 (citation modified).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

3

## IV.    <u>Analysis</u>[2]

### A.    Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), she is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues she is being held in violation of the INA and § 1225(b)(2) does not apply to her because she had "already entered the country and [was] residing in the United States."  Pet. at 12.  Petitioner contends § 1226(a) "applies to people who face charges of

---

[2] Respondents allege Petitioner failed to exhaust administrative remedies.  Resp. at 5.  However, the undersigned concludes Petitioner was not required to request a bond hearing before filing the Petition.  *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

being inadmissible to the United States, including those who are present without admission or parole." Pet. at 12. Respondents contend Petitioner is an "applicant for admission" and therefore properly detained under § 1225(b)(2)(A). Resp. at 6. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States, (2) § 1226(a) is reserved for those who do not fall within the confines of § 1225(b)(2)(A), and (3) "applicants for admission" must necessarily be "seeking admission." Resp. at 6-12.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Coreas*, 2026 WL 541151, at *2. "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that make any part of the statute superfluous." *Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at *2 (W.D. Okla. Nov. 26, 2025) (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the

border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge Palk, Judge DeGiusti, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[3] This conclusion is also in accord with the Second, Sixth, and Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by

---

[3] *See, e.g., Coreas*, 2026 WL 541151, at *2; *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez v. Holt,* No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025). Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

Respondents.  *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).[4]  In contrast, the Fifth and Eighth Circuit Courts of Appeals recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position.  *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).  *See Coreas*, 2026 WL 541151, at *2 (finding § 1226(a) governs a similarly situated petitioner's detention and agreeing with "the majority of the other courts in this district, the overwhelming number of other courts that recently addressed this question, and this Court's prior rulings"); *accord Puentes-Puentes v. Grant*, No. CIV-26-192-J, 2026 WL 657199, at *2 (W.D. Okla. Mar. 9, 2026) (concluding "unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted" (citation modified)).[5]

---

[4] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56, 861-63, 871-77 (7th Cir. 2026).

[5] This conclusion is further supported by the fact Petitioner was detained and later released on her own recognizance under § 1226 in November 2023.  Doc. 1-1 at 7; *see, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release under § 1226 indicates she "was—and continues to be—subject to discretionary detention under § 1226").

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.

> **B.      The proper remedy is a bond hearing.**

Petitioner seeks release from ICE custody or, alternatively, require Respondents to "provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a)."  Pet. at 22. Consistent with a common approach in this District, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release.  *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests her immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).  As Judge Russell acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond."  *Id.* at *1 (citation modified).

As such, "an individualized custody redetermination hearing would provide Petitioner with the process she is due under the statute." *Id.* (citation modified).  Therefore, based on Petitioner's arguments and consistent with Judge Russell's approach, the undersigned recommends Petitioner be afforded an individualized bond hearing pursuant to § 1226(a).[6]  The Court should therefore grant the Petition in part and order Respondents

---

[6] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures.  *See, e.g., Singh v. Grant,* No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D.

to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release her if she does not have a lawful bond hearing within that period.

### C.    The Court should decline to address Petitioner's due process claims.

Petitioner also argues her continued detention violates her rights to due process. Pet. at 18-21. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of her due process claim based on her continued detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[7]

---

Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). However, Petitioner has not alleged or provided evidence that the circumstances of her re-detention entitle her to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because she "has not provided the Court with evidence of her prior Order of Release or its terms, nor has Petitioner supported her requested form of relief with legal authority"). Accordingly, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

[7] Magistrate Judges in this District, including the undersigned, have previously recommended the Court order the government to bear the burden at a bond hearing to establish a petitioner's risk of flight or danger when granting habeas relief to similarly situated petitioners when (1) their re-detention violates due process and (2) they raise such a claim and specifically request burden shifting. However, Judges in this District,

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 6, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 9, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

including this Court, have declined to order burden shifting.  *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted); *see also, e.g., Singh v. Mullin*, No. CIV-26-712-HE, Order, Doc. 13 at 2-7 (W.D. Okla. June 18, 2026) (analyzing the *Mathews* factors and concluding "petitioner is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government"); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (declining "to place the burden on the government to justify Petitioner's detention pending removal proceedings"); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified).  Accordingly, the undersigned does not recommend burden shifting in this case.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 26th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE