**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

GLADYS PU BARRERA,                              )
                                                )
                    Petitioner,                 )
                                                )
v.                                              )          Case No. CIV-26-999-J
                                                )
NORMAN PARISH, et al.,                          )
                                                )
                    Respondents.                )

## <u>ORDER</u>

Petitioner Gladys Pu Barrera, a citizen of Guatemala, is currently in the custody of Immigration and Customs Enforcement.  She has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition) seeking release, or in the alternative, a bond hearing.  [Doc. No. 1].  The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Judge Stephens issued a Report and Recommendation [Doc. No. 14] recommending that the Court grant the Petition in part and order Respondents to provide Petitioner with an individualized bond hearing, as required under 8 U.S.C. § 1226(a), within five business days or otherwise release her if she has not received a lawful bond hearing within that period.  The objection deadline has now passed and neither party has filed an objection, a motion, or otherwise communicated with the Court.[1]  The parties have therefore waived the right to appellate review of the factual and legal issues addressed in the Report and Recommendation.  *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

---

[1] The deadline to file objections to the Report and Recommendation was July 6, 2026.  [Doc. No. 14 at 10].

Upon review of the Report and Recommendation, and in light of the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), the Court concurs with Judge Stephen's finding that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the Immigration and Nationality Act.[2]

Accordingly, the Report and Recommendation [Doc. No. 14] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act. The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or otherwise release Petitioner if she has not received the hearing within that period.

A separate judgment will enter.

IT IS SO ORDERED this 9th day of July, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court grants Petitioner relief on this issue, it declines to address her remaining claims.

2